IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE STEVENSON,

    Plaintiff,

v.                                              Case No. 1:23-CV-00613-KK-SCY

THOMAS CREESE,

    Defendant.

**DEFENDANT THOMAS CREESE'S ANSWER TO PLAINTIFF'S
CIVIL COMPLAINT FOR BREACH OF VERBAL CONTRACT DECEPTION**

COMES NOW Defendant Thomas Creese, by and through his counsel of record Jennings Haug Keleher McLeod LLP (Ryan M. Walters), with his answer to Plaintiff Joyce Stevenson's Civil Complaint Breach of Verbal Contract Deception at 1-3 (dated June 23, 2023) ("Complaint") (included as part of Exhibit A (Doc. 1-1) to the Notice of Removal, filed July 21, 2023 (Doc. 1)). Please note that the Complaint does not contain a true paragraph structure and instead uses numbered lines to which Creese will respond as best as feasible as if they were numbered paragraphs.

For his answer, Creese states as follows:

**A.    JURISDICTION**

1.    Creese admits the allegations in Paragraph 1 of the Complaint regarding Stevenson's New Mexico citizenship and her mailing address, but Creese otherwise denies Paragraph 1 including any statement or inference to the effect that there was any buyer-seller relationship ever formed between Stevenson and Creese.

2.    Creese admits the allegations in Paragraph 2 of the Complaint regarding Stevenson's New Mexico citizenship and her mailing address, but Creese otherwise denies

Paragraph 2 including any statement or inference to the effect that there was any buyer-seller relationship ever formed between Stevenson and Creese.

3. Creese denies the allegations in Paragraph 3 of the Complaint.

4. Creese denies the allegations in Paragraph 4 of the Complaint.

### B.   NATURE OF CASE

5. Creese denies the allegations in Paragraph 5 of the Complaint.

6. Creese denies the allegations in Paragraph 6 of the Complaint.

7. Creese denies the allegations in Paragraph 7 of the Complaint.

8. Creese denies the allegations in Paragraph 8 of the Complaint.

9. Creese denies the allegations in Paragraph 9 of the Complaint.

10. Creese denies the allegations in Paragraph 10 of the Complaint.

11. Creese denies the allegations in Paragraph 11 of the Complaint.

12. Creese denies the allegations in Paragraph 12 of the Complaint on the basis that the contents of any referenced documents speak for themselves.

13. Creese denies the allegations in Paragraph 13 of the Complaint on the basis that the contents of any referenced documents speak for themselves.

14. Creese denies the allegations in Paragraph 14 of the Complaint on the basis that the contents of any referenced documents speak for themselves.

15. Creese denies the allegations in Paragraph 15 of the Complaint on the basis that the contents of any referenced documents speak for themselves.

16. Creese denies the allegations in Paragraph 16 of the Complaint on the basis that the contents of any referenced documents speak for themselves.

17. Creese denies the allegations in Paragraph 17 of the Complaint on the basis that the contents of any referenced documents speak for themselves.

18. Creese denies the allegations in Paragraph 18 of the Complaint.

19. Creese denies the allegations in Paragraph 19 of the Complaint.

### C.   CAUSE OF ACTION

20. Creese denies the allegations in Paragraph 20 of the Complaint.

21. Creese denies the allegations in Paragraph 21 of the Complaint.

22. Creese denies the allegations in Paragraph 22 of the Complaint.

23. Creese denies the allegations in Paragraph 23 of the Complaint.

24. Creese denies the allegations in Paragraph 24 of the Complaint.

25. Creese denies the allegations in Paragraph 25 of the Complaint.

26. Creese denies the allegations in Paragraph 26 of the Complaint.

27. Creese denies the allegations in Paragraph 27 of the Complaint.

28. Creese denies the allegations in Paragraph 28 of the Complaint.

29. Creese denies the allegations in Paragraph 29 of the Complaint.

30. Creese denies the allegations in Paragraph 30 of the Complaint.

31. Creese denies the allegations in Paragraph 31 of the Complaint.

32. Creese denies the allegations in Paragraph 32 of the Complaint.

33. Creese denies the allegations in Paragraph 33 of the Complaint.

34. Creese denies the allegations in Paragraph 34 of the Complaint.

35. Creese denies Plaintiff's prayer for relief and otherwise denies any otherwise unanswered portion of the Complaint unless expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state claims upon which relief can be granted.

2. Plaintiff's Complaint seeks to impose duties on Creese that are not required by law.

3. Plaintiff's claims are barred by the applicable statute of frauds.

4. Plaintiff's claims are barred by the failure of a condition precedent.

5. Plaintiff's claims are barred because the conduct complained of was consistent with applicable statutory law.

6. Plaintiff has acquiesced in, consented to, and/or ratified the alleged acts and omissions set forth in the Complaint.

7. Plaintiff's damages, if any, were proximately caused by an independent intervening cause for which Creese is not liable

8. Plaintiff's claims are barred, and/or her damages should be apportioned, to the extent that her injuries were caused by her own misconduct or fault.

9. Plaintiff's claims are barred, and/or her damages should be apportioned, to the extent that her injuries were caused by the fault of other persons and entities over which Creese has no control.

10. Plaintiff's damages should be barred or reduced based on the doctrine of mitigation of damages.

11. Plaintiff's claims are barred by the doctrine of unclean hands.

12. Any exemplary or punitive damages that Plaintiffs seek must be barred or reduced to the extent not permissible under the provisions of the U.S. or New Mexico Constitutions.

13. Creese hereby reserves the right to assert additional affirmative defenses as the case and discovery progress.

WHEREFORE Defendant Thomas Creese requests that Plaintiff Joyce Stevenson's Complaint be dismissed, that judgment be entered and costs awarded in Creese's favor, that he be awarded his attorneys' fees incurred in this suit, and for such additional relief as the Court deems just and proper.

Respectfully Submitted,

JENNINGS HAUG KELEHER McLEOD LLP

By: */s/ Ryan M. Walters*
Ryan M. Walters
*Attorneys for Defendant Thomas Creese*
P.O. Box AA
Albuquerque, NM 87103
Phone: (505) 346-4646
Fax: (505) 346-1370
rmw@jhkmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and served all counsel of record electronically via the CM/ECF service process. I further certify that on July 28, 2023 that the following persons were served with the attached document via email and U.S. mail:

Joyce Stevenson
2003 Southern Blvd SE 102-60
Rio Rancho, New Mexico 87124[1]
Phone: (727) 641-6044
Email: msanonymous000@yahoo.com

*/s/ Ryan M. Walters*
Ryan M. Walters

---

[1] There are some discrepancies in the ZIP Code references that Ms. Stevenson uses in her court filings. Her correct zip code address, and the one most consistently used by Ms. Stevenson, appears to be the ZIP Code of 87124 versus what appears to be an erroneous ZIP Code of 87144.