IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE STEVENSON,

       Plaintiff,

    v.                                                        Case No. 1:23-cv-0613 KWR/SCY

THOMAS CREESE,

       Defendant,

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon the following motions:

- Defendant's Motion to Dismiss (Doc. 8);

- Plaintiff's Motion to Amend Complaint for Civil Rights Violation (Doc. 10);

- Plaintiff's Motion to Amend Civil Complaint for Discrimination (Docs. 19, 20); and

- Plaintiff's Request to Deny Motion to Transfer (Docs. 23, 24).

On November 3, 2023, Plaintiff filed notices withdrawing certain motions or responses to motions:

- Notice to Withdraw Plaintiff's Opposition to Defendant's Motion to Consolidate (Doc. 28);

- Notice to Withdraw Plaintiff's Request to Deny Transfer (Doc. 29);

- Notice to Withdraw Plaintiff's Notice to Amend Specific Performance (Doc. 30);

- Notice to Withdraw Plaintiff's Opposition to Defendant's Motion to Dismiss (Doc. 31); and

- Notice to Withdraw Plaintiff's Motion to Amend Civil Complaint for Discrimination (Doc. 32).

For the reasons stated below, Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**, and Plaintiff's motions to amend are **DENIED**. The notice of lis pendens is released under the terms explained below. Any other pending motions are denied.

## BACKGROUND

Plaintiff's New Mexico state law claims stem from her alleged attempts to purchase a residential home from Defendant. Plaintiff alleges she initially submitted an offer of $399,900 to purchase the property. Complaint, Doc. 1, Exhibit A, at 1. She asserts that she understood an offer of $410,000 would be sufficient to purchase the property. She attaches to her complaint e-mails from her own broker, which state that Defendant had received higher offers for $415,000 and $420,000. She appears to argue that the parties entered into a verbal agreement, and Defendant breached that agreement. *Id.* at 2. She appears to deny that they agreed to any written contract. Doc. 9.

Plaintiff also asserts she was deceived into believing that increasing her offer to $410,000 would be enough for Defendant "to decide to go with Plaintiff's offer." *Id.* at 2. She requests specific performance as a result of this deception.

Plaintiff filed her complaint in New Mexico state court on June 23, 2023. This case was removed to federal court on the basis of diversity jurisdiction. She asserts claims for (1) breach of verbal contract agreement and (2) fraud/deception. Plaintiff seeks specific performance, and

"declaratory relief" requiring that Defendant enter into a written contract for Plaintiff to purchase the property for $410,000.

Plaintiff filed a similar case stemming from the same alleged transaction, asserting in part housing discrimination against Defendant Creese. *See Stevenson v. Creese,* 1:23-cv-386 KK (D.N.M.). She moved to voluntarily dismiss that case. *Id.* Doc. 24. That case was dismissed without prejudice. *Id.* Doc. 35. After dismissal, she appealed. *Id.*, Doc. 36.

Plaintiff placed notices of lis pendens in the property record for both cases.

## DISCUSSION

### I.  Plaintiff has withdrawn her opposition to the motion to dismiss.

Plaintiff filed notices of withdrawal of her opposition to the motion to dismiss, as well as her motions to amend. Because Plaintiff has indicated her non-opposition to the motion to dismiss, the Court may grant the motion to dismiss and dismiss this case on that basis alone.

However, as Defendant has demonstrated, Plaintiff has filed multiple cases in which she has attempted to avoid a decision on the merits by withdrawing pleadings or moving to voluntary dismiss, while maintaining a lis pendens on defendants' properties, including the property at issue. *See Stevenson v. Creese,* 1:23-cv-386 KK (D.N.M.); Doc. 33, citing *Loveless v. Alderson et al.*, D-1329-cv-2022-01045, Thirteenth Judicial District Court, Sandoval County, New Mexico. She has then subsequently filed notices of appeal in those cases. *Id.* Plaintiff has not expressly requested voluntary dismissal of this case or dismissal without prejudice. Therefore, the Court will address the merits of the dispute.

### II.  The Motion to Dismiss should be granted on the merits.

Plaintiff asserted two claims in her complaint: (1) breach of verbal contract and (2) deception. Defendant moves to dismiss these claims. In her response to the motion to dismiss

3

(Doc. 9), Plaintiff appears to have withdrawn her claims asserted in her complaint and sought to instead assert a discrimination claim against defense counsel for filing the motion to dismiss. The Court agrees with Defendant and concludes that the motion to dismiss should be granted. The Court grants Defendant's Motion to Dismiss (Doc. 8) for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### A. Plaintiff fails to plead a plausible "deception" claim.

Plaintiff asserts a claim for "deception," which appears to be a fraud claim. To assert a fraud claim, Plaintiff must allege (1) a false representation of fact; (2) made intentionally or recklessly; (3) made with intent to deceive and induce reliance; (4) reliance; (5) causation; and (6) damages. *See* NMRA UJI 13-1633; *Williams v. Stewart*, 2005-NMCA- 061, ¶ 34, 137 N.M. 420. Plaintiff must also satisfy a higher pleading standard under Rule 9(b). Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstance constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). For the claim to have been properly plead, "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *United States ex rel. Schwartz v. Coastal Healthcare Grp., Inc.*, 232 F.3d 902, 2000 WL 1595976, at *3 (10th Cir.2000) (unpublished table decision).

Here, Plaintiff has failed to plead a plausible fraud claim. She does not allege that Defendant made a false representation of fact to her which was intended to deceive and induce reliance. The e-mails attached to the complaint do not plausibly suggest that Defendant Creese agreed to enter a contract for $410,000.[1] Rather, the e-mails provided are from her own broker.

---

[1] Plaintiff attached e-mails from her broker to the complaint. In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the Court may consider exhibits attached to the complaint as well as documents incorporated into the complaint by reference. *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

Her broker stated that "the listing broker is giving us an opportunity to reposition if desired and the listing broker feels that if we came up to $410 … that it would be enough for the seller to decide to go with your offer." Doc. 1, Exhibit 1 at 9. "I believe if we were to come up to … that the seller would decide to go under contract." Doc. 1, Exhibit 1 at 8-9. Nothing in the complaint or attached e-mails indicates the Defendant had agreed to sell the house at $410k. As Defendant argues, "whatever purported written representations about a transaction Stevenson's own representative made have no bearing on Defendant's responsibility for a transaction." Doc. 8 at 5. Moreover, nothing in the complaint or e-mails suggests that Defendant intended to deceive Plaintiff. The listing broker also expressly stated that Defendant received higher offers.

Finally, the alleged facts show no intent to induce reliance or reasonable reliance. As Defendant asserts, a contract to purchase real estate must be in writing approved by the person against whom the contract is to be enforced, or their agent. Doc. 8 at 5, *citing Kysar v. Amoco Prod. Co.,* 2004-NMSC-025, ¶ 51, 135 N.M. 767. Reliance must be reasonable to support a fraud claim. *Diversified Dev. & Inv., Inc. v. Heil* 1995-NMSC-005, ¶ 34 (plaintiff must "reasonably rely on [defendant's] statements as a representation"). Here, Plaintiff has alleged there was no written contract by either Defendant or his agent. Plaintiff did not assert any facts plausibly alleging that Defendant intended to deceive her or induced reasonable reliance on any claimed misrepresentation. Plaintiff only points to her own broker's statements, which are not sufficient to plausibly allege that she reasonably relied on *Defendant's* statements.

Moreover, in her response she does not explain how she states a plausible deception or fraud claim, but appears to abandon those claims. *See* Doc. 9 at 1-2.

Therefore, Plaintiff has failed to assert a deception or fraud claim.

**B.     Verbal Contract claim.**

Plaintiff has also asserted a verbal contract claim. She appears to assert that Defendant verbally agreed to sell the house to her for $410,000.  The Court concludes that Plaintiff failed to state a plausible verbal real estate contract claim.

Plaintiff has not alleged the elements of a contract. A contract requires an offer, acceptance, consideration, and mutual assent. *Garcia v. Middle Rio Grande conservancy Dist.,* 1996-NMSC-029, ¶ 9, 121 N.M. 728. Plaintiff has not pled these elements. Plaintiff provides the statements of her own broker about what Defendant might consider as part of the negotiations, but these do not constitute an offer, acceptance, or mutual assent.

Moreover, real estate transactions must generally be in writing to comply with the statute of frauds. *Kysar v. Amoco Prod. Co.*, 2004-NMSC-025, ¶ 51, 135 N.M. 767, 781, 93 P.3d 1272, 1286.  "To satisfy the statute of frauds the contract itself must be in writing; or if verbal, then there must have been some writing subsequently made however informal, stating each of its essential elements, signed by the person to be charged, or by his authorized agent acting for him." *Bosque Farms Home Ctr., Inc. v. Tabet Lumber Co.*, 1988-NMSC-027, ¶ 13, 107 N.M. 115, 117, 753 P.2d 894, 896.  Plaintiff has not pled that there was any writing stating each of the essential elements signed by Defendant or an authorized agent.  Rather, Plaintiff asserts there was only a verbal agreement.  Civil Complaint, Breach of Verbal Contract, Deception Doc. 1-1, Exhibit A at 2.

In her response, Plaintiff did not address Defendant's motion, and provided no grounds why either of these claims should not be dismissed.  Rather, she appears to expressly abandon those claims.  Doc. 9.  She filed three motions to amend in response to the motion to dismiss.

Therefore, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

As explained below, the Court need not grant leave to amend as amendment would be futile. The motion to dismiss provided notice of the asserted defects in Plaintiff's complaint, and in response to that motion Plaintiff has filed three separate motions to amend, and abandoned the fraud and verbal contract claims in her proposed amendments. Moreover, Plaintiff's deception and verbal contract claims are futile on the facts alleged, and no further additional allegations based on the facts already alleged could state a plausible claim. Therefore, another attempt to amend would be futile as it is patently obvious that Plaintiff cannot proceed on the facts she has alleged in her complaint and in her motions to amend. Under these circumstances, asking Plaintiff to file another motion to amend to cure the defects in her complaint is not necessary. Moreover, Plaintiff's proposed amendments should be denied as futile, as explained below.

### III.     The Court denies Plaintiff's motions for leave to amend.

After Defendant filed his motion to dismiss, Plaintiff filed three separate motions for leave to amend to assert an unspecified discrimination claim against defense counsel for Defendant's filings in this case. *See* Docs. 9, 10, 19, 20. It appears that Plaintiff has since withdrawn those motions. *See* Docs. 30, 32. Therefore, the motions to amend may be denied on that basis alone.

Alternatively, the motions to amend may be denied on the merits, as they are futile. Plaintiff's grounds for amendment are cursory and she did not file a proposed amended complaint to accompany her motions to amend, as required under D.N.M.Lr-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend."); *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court.").[2]

---

[2] *Pro se* parties are expected to follow the same rules as represented litigants. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."). The Court's *Guide for Pro Se Litigants* was mailed to Plaintiff on July 31, 2023.

She appears to assert that Defendant's filings in this case, such as the motion to dismiss, constitute discrimination against her on the basis of race. She appears to proceed solely on a discrimination claim against defense counsel. It is unclear what federal or state claim Plaintiff is asserting.

The Court should freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2).[3] "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). That said, "[a] district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citations omitted).

Defendant argues that Plaintiff's proposed amendments should be denied because they are futile. "Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services,* 175 F.3d 848, 859 (10th Cir.1999), *quoted in Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). "The burden of showing futility rests with the [party] who assert[s] this ground in opposing ... leave to amend." *Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 953 F. Supp. 2d 1176, 1181 (D. Kan. 2013), *aff'd*, 810 F.3d 1161 (10th Cir. 2016).

---

[3] Plaintiff has not argued she has a right to amend as a matter of course. Rule 15 of the Federal Rule of Civil Procedure allows amendment of a pleading "as a matter of course" under certain circumstances. Fed. R. Civ. P. 15(a)(1). For example, a party may amend the pleading within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) ..." *Id.* To the extent her initial motion to amend may fall under Rule 15(a)(1), the Court concludes that amendment as a matter of course is not appropriate on the basis of futility. *Hafen v. Carter,* 248 F. App'x 43, 46 (10th Cir. 2007) (amendment as a matter of course may be denied on futility grounds), *citing Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urb. Dev.*, 383 F.3d 552, 558 (7th Cir. 2004).

Here, Plaintiff's proposed amendments in her three motions to amend should be denied because they are futile. Despite having the chance to describe the asserted discrimination claim in four separate filings (the response to the motion to dismiss, and three motions to amend), Plaintiff does not give any factual detail regarding the asserted discrimination claim. She appears to assert that defense counsel discriminated against her by filing the motion to dismiss. But she does not explain how defense counsel discriminated against her in the motion to dismiss. The Court has reviewed all docket entire in this case, and sees nothing in the filings that could plausibly constitute discrimination. Rather, the motion to dismiss focused entirely on the merits of Plaintiff's claims against Defendant Creese. Plaintiff does not identify her discrimination claim, and the Court can perceive no plausible state or federal claim.

Moreover, as ably explained by Defendant, to the extent Plaintiff alleges a defamation claim or tort claim, actions by defense counsel in this case by filing a motion to dismiss cannot constitute actionable defamation or tort. *See* Defendant's Reply Brief to Plaintiff's Opposition to Defendant's Motion to Dismiss, Doc. 15; Defendant's Response to Plaintiff's Motion to Amend, Doc. 16. To briefly summarize, as defense counsel explains, his statements in the pleadings bearing on the merits of Plaintiff's claims are entitled to an absolute privilege, and he generally cannot be liable for alleged defamatory statements in a court pleading. *Chavez-Neal v. Kennedy,* 2021-NMCA-015, ¶ 9, 485 P.3d 811 (New Mexico courts have "long recognized that defamatory matter in judicial pleadings, even if false and malicious, is absolutely privileged as long as the defamatory matter is reasonably related to the subject of inquiry.") (internal quotation marks omitted); *Superior Constr., Inc. v. Linnerooth*, 1986-NMSC-008, ¶ 8, 103 N.M. 716, 712 P.2d 1378 (acknowledging that "[w]ith few exceptions, any publication made in a judicial proceeding enjoys absolute privilege from later charges of defamation"). Defense counsel is entitled to absolute

9

immunity to defamation claims to further the "public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients." *Chavez-Neal*, 2021-NMCA-015, ¶ 9. "With few exceptions, any publication made in a judicial proceeding enjoys absolute privilege from later charges of defamation." *Superior Constr.,* 1986-NMSC-008, ¶ 8. "All doubt should be resolved in favor of recognizing the privilege." *Chavez-Neal,* 2021-NMCA-015, ¶ 12. Here, the statements in the motions to dismiss are reasonably related to the subject of the inquiry are entitled to absolute privilege against a defamation or tort claim.

Plaintiff's motions to amend are futile and therefore denied.

## IV. Release of Lis pendens.

Defendant also requests that the Court release the notice of lis pendens Plaintiff filed in the property records. Because this case has been dismissed, the Court will order the lis pendens released under the parameters set forth below.

Plaintiff filed a notice of lis pendens in the property records of the house at issue in this case. "A lis pendens is a vehicle for permitting an individual, involved in an action which affects title, to put subsequent purchasers on notice of pending claims involving the property." *Salas v. Bolagh,* 106 N.M. 613, 615, 747 P.2d 259, 261 (Ct.App.1987). "A lis pendens provides constructive notice of the suit in the absence of a party's actual knowledge of the litigation." *Kokoricha v. Est. of Keiner*, 2010-NMCA-053, ¶ 13, 148 N.M. 322, 326, 236 P.3d 41, 45 "[T]he lis pendens established by the suit continues until expiration of the time for appeal or until final disposition of the case by the appellate court." *Salas v. Bolagh*, 1987-NMCA-138, ¶ 8, 106 N.M. 613, 615, 747 P.2d 259, 261, *cited in Kokoricha v. Est. of Keiner*, 2010-NMCA-053, ¶ 16, 148 N.M. 322, 326, 236 P.3d 41, 45.

Because the Court has dismissed Plaintiff's case, Defendant is entitled to a release of the lis pendens.  However, the lis pendens can only be released after either the expiration of the time to appeal or until final disposition of the case by the appellate court.  *Salas,* 106 N.M. at 615, 747 P.2d at 261;  *Kokoricha v. Est. of Keiner*, 2010-NMCA-053, ¶ 16, 148 N.M. 322, 326, 236 P.3d 41, 45. Therefore, the Court will order a release of the lis pendens under the following terms: after the conclusion of the 30 day appeal period, if no further proceedings are initiated, this order or the judgment may be submitted for recordation, indicating that this action is concluded and that any associated lis pendens is released.

V.      **Plaintiff's request to remand case to state court.**

Plaintiff appears to request that the Court remand this case to state court.  She has lowered her requested damages amount to below $75,000. *See* Docs. 20, 23, 24. But Plaintiff has never denied that diversity jurisdiction exists here, *see* Docs. 20, 23, 24, and a party cannot divest a federal district court of diversity jurisdiction by subsequently lowering the requested damages after the case has been removed.  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938). Therefore, the requests to remand this case are denied.

## CONCLUSION

Plaintiff's claims in this case merit dismissal. Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Moreover, Plaintiff's motions to amend are not well taken as her proposed amendments are futile.  Finally, the notice of lis pendens is ordered to be released under the parameters below.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**.  This case is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS FURTHER ORDERED** that Plaintiff's three motions to amend (Docs. 10, 19, and 20) are **DENIED** as futile to the extent they are not already withdrawn.

**IT IS FURTHER ORDERED** that Plaintiff's Request to Deny the Motion to Transfer (Docs. 23, 24) are **DENIED** to the extent they are not already withdrawn.

**IT IS FURTHER ORDERED** that, after conclusion of the next business day following the expiration of thirty days from the date of this Order and absent further challenges to this Order in this proceeding, this Order or the judgment may be submitted for recordation in the property records to evidence that this action is concluded and that any associated notice of lis pendens for this proceeding is hereby released in all respects, including the Notice of Lis Pendens recorded on June 28, 2023 as Document No. 2023012355 in Book 426 at Page 12355 in the Official Records of the Sandoval County Clerk. (*See* Doc. 8-1, Exhibit A). Given the dismissal of this action, it is proper to release the Notice of Lis Pendens under the parameters specified above.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE